## Case No. 12,870.

### SIMMS v. READ.

[1 Brunner, Col. Cas. 219; [1] Cooke, 345.]

Circuit Court, Tennessee.[2] June Term, 1813.

#### DEED—REGISTRATION—WHERE REQUIRED.

Registration of a deed or conveyance of land lying in several counties is sufficient, under the statute of registration, if made in either of the counties.

[This was an action of ejectment by Simms' lessee against James Read.]

The land in controversy was granted in 1790 by the state of North Carolina to Stockley Donelson, and by him conveyed to David Allison. The plaintiff claimed under a deed executed by Joshua B. Bond, attorney in fact for Allison. The power of attorney under which Bond conveyed was acknowledged in

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

[2] [District not given.]

1797 before Hilary Baker, mayor of the city of Philadelphia. In 1810 it was proven in the court of common pleas for the county and city of Philadelphia, by the oath of one of the subscribing witnesses, and shortly afterwards registered in the county of Bedford. Part of the land authorized by the power of attorney to be conveyed lies in the county of Bedford; but the tract now in dispute lies in the county of Giles, where no registration ever was made.

Haywood, Balch & Cooke, objected to the power of attorney being admitted as evidence, unless other proof of its execution was produced. The acknowledgment before the mayor of Philadelphia could not authorize a registration, because at that time there was no law in force authorizing powers of attorney to be registered. The first law that passed on that subject was in 1805. Neither, they said, could the subsequent probate mend the matter because the proof had been by but one subscribing witness, when the general registration law passed in 1807 required all deeds, powers of attorney, etc., to be proved by two at least. The same act requires that it should be registered in the "county or counties" where the land lies. It is true a part of the land authorized to be conveyed lies in Bedford, but the particular tract now in dispute does not. It would seem to be a fair construction of this clause that the power of attorney should be registered in every county where any of the land lies.

Whiteside, Dickinson & Hayes, replied that the act of 1811 recognized the registration of powers of attorney, and other instruments of writing, where they had been before acknowledged before any judge, mayor, etc. It would, therefore, be unnecessary to say anything about the probate before the common pleas. The act of 1809 requires all deeds, powers of attorney, etc., to be registered in the county where the land, or a part thereof, lies. This is considered as clearly dispensing with the necessity of a registration in every county.

BY THE COURT. We do not think it necessary to give an opinion upon the question which has arisen out of the probate before the court of common pleas, because we are of opinion that the act of 1811 is sufficient to authorize the registration under the acknowledgment made before the mayor of Philadelphia in 1797. We do not conceive that there was any necessity to register the power of attorney in the county of Giles. The true object of the probate and registration is to show that there has been a due execution of the deed; this is as well done by a registration in any as all of the counties. Where a deed of conveyance is for several tracts of land lying in different counties we consider that it will be sufficient to register it in any one of them.